| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **RCO LEGAL, P.S.**<br>Jonathan J. Damen, Esq., #251869<br>Kristi M. Wells, Esq., #276865<br>Kristin S. Webb, Esq., #258476<br>Nancy Ly, Esq., #272035<br>Rosemary Nguyen, Esq., #265322<br>Erica T. Loftis, Esq., #259286<br><br>1241 E. Dyer Road, Suite 250<br>Santa Ana, CA 92705<br>714-382-0327/ Fax: 714.277.4899<br>Email rnguyen@rcolegal.com<br>RCO# 79515<br><br>☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without an attorney* | **FILED & ENTERED**<br><br>SEP 27 2013<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY romero    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - <u>RIVERSIDE</u> DIVISION**

| In re:<br><br>Brandon Kent Blevins<br>Teresa Taylor Blevins<br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:13-bk-10251-MH<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: October 1, 2013<br>TIME: 10:00 a.m.<br>COURTROOM: 303<br>PLACE: 3420 12th Street, Riverside, CA 92501 |
|---|---|

Movant:    Green Tree Servicing LLC

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

    Street address:    17859 Graystone Avenue #202
    Unit number:
    City, state, zip code:    Chino Hills, CA 91709

    Legal description or document recording number (including county of recording):

    ☒ See attached page.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

February 2013    Page 1    **F 4001-1.ORDER.RP**

3. The Motion is granted under: ☐ 11 U.S.C. § 362(d)(1)    ☐ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☐ Terminated as to Debtor and Debtor's bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☒ Modified or conditioned as set forth in the Adequate Protection order attachment to this order

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. Movant must not conduct a foreclosure sale before the following date (*specify*): _____

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

   ☐ multiple bankruptcy filings affecting the Property.

If recorded in compliance with applicable state law governing notices of interests or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*    Page 2    **F 4001-1.ORDER.RP**

10. This court further orders as follows:

   a. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.
   b. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-10-ER*).
   c. ☐ See attached continuation page for additional provisions.

                                         ###

Date: September 27, 2013

Mark Houle
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*                           Page 3                           **F 4001-1.ORDER.RP**

# ADEQUATE PROTECTION ATTACHMENT

*(This attachment is the continuation page for paragraph 7 of the Order on the Motion.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the amount of $995.35 commencing October 1, 2013. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant hereunder must be paid to Movant at the following address:

    > Green Tree Servicing LLC
    > PO BOX 0049
    > Palatine, IL 60055

3. ☒ The Debtor must cure the postpetition default computed through 09/16/2013 in the sum of $2,795.02 (consisting of 2 missed payments at $995.35 each for a total $1,990.70, plus $826.00 in attorney fees and costs incurred in filing the Motion for Relief, minus $21.68 in suspense) as follows:

    a. ☒ In equal monthly installments of $310.56 each commencing October 15, 2013 and continuing thereafter through and including June 15, 2014.

    b. ☐ By paying the sum of $_____ on or before _____,

    c. ☐ By paying the sum of $_____ on or before _____,

    d. ☐ By paying the sum of $_____ on or before _____,

    e. ☐ Other *(specify)*:

4. ☒ The Debtor must maintain insurance coverage on the property and must remain current on all taxes that fall due postpetition with regard to the property.

5. ☐ The Debtor must file a Disclosure Statement and Plan on or before *(specify date)*: _____
    The Disclosure Statement must be approved on or before *(specify date)*: _____
    The Plan must be confirmed on or before *(specify date)*: _____

6. ☒ Upon any default in the foregoing terms and conditions, Movant must serve written notice of default to Debtor and Debtor's attorney, if any. If Debtor fails to cure the default within 14 days after service of such written notice, plus 3 additional days if served by mail:

    a. ☐ The stay automatically terminates without further notice, hearing or order.
    b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
    c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
    d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☒ Notwithstanding anything contained herein to the contrary, the Debtor shall be entitled to a maximum of *(number)* 3 notices of default and opportunities to cure pursuant to the preceding paragraph. Once a Debtor has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

February 2013    Page 4    **F 4001-1.ORDER.RP**

      perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case.  If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions cease to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on Debtor's defaults hereunder, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*): Movant will charge Debtors an additional $125.00 fee each time it sends written notice of default, and Debtors must pay this fee in addition to their monthly APO Payment in the month immediately following the month the letter was sent. Failure to pay this fee constitutes a separate default under this agreement.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*      Page 5      **F 4001-1.ORDER.RP**

## Legal Description

Parcel 1:

Units No. 55 Consisting of Certain Residential and Garage Airspace and Surface Elements, as shown and described in the Condominium Plan ("Plan") for combined Lots 7 and 8 of Phase 3 of Hampton Court, in the City of Chino Hills, County of San Bernardino, State of California, which plan was filed on November 6, 1990 Instrument No. 90-443434, Official Records of San Bernardino County California.

Parcel 2:

An undivided 1/21 fee simple interest, as a tenant in common in and to all of the real property including without limitation, the common areas defined in the Declaration referred to below on Lots 7 and 8 of Tract No. 14657, as shown on a subdivision map, recorded August 22, 1990, in Book 238 of Maps Pages 19 to 22 inclusive, in the office of the San Bernardino recorder.

Excepting therefrom all of the Units as shown on the Plan.

Parcel 3:

Exclusive easements appurtenant to Parcels No. 1 and 2 described above over Lots 7 and 8 of Tract No. 14657 without limitation for deck and Patio purposes as shown and assigned on the Plan.

Parcel 4:

Non-exclusive easements for access, ingress, egress, encroachment, support, maintenance, repairs and for other purposes over the common areas and over those portions of the Association Properties comprised of the Recreation Area Easement all as shown, described and limited in the Plan, the Notice and the Declaration.

Assessor's Parcel No:

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*     Page 6     **F 4001-1.ORDER.RP**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled: **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner stated below:

**1.    SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of (*date*) 9/26/13, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

United States Trustee: ustpregion16.rs.ecf@usdoj.gov
Movant's Counsel: Rosemary Nguyen, bknotice@rcolegal.com
Chapter 13 Trustee: Rod Danielson, notice-efile@rodan13.com
Debtor's Counsel: Raj T Wadhwani, raj@thewsfirm.com
Megan E Lees: ecfcacb@piteduncan.com

☐ Service information continued on attached page

**2.    SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses stated below:

Debtor: Brandon Kent Blevins, 17859 Graystone, #202, Chino Hills, CA 91709
Debtor: Teresa Taylor Blevins, 17859 Graystone, #202, Chino Hills, CA 91709

☐ Service information continued on attached page

**3.    TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*  Page 7  **F 4001-1.ORDER.RP**